Filed 8/18/15  P. v. Aguirre CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063067 |
| v. | (Super.Ct.No. FVI1401199) |
| LUPE AGUIRRE, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Dwight W. Moore, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Lupe Aguirre, Jr. is serving four years in prison after pleading guilty to receiving stolen property and admitting a prior strike conviction.  We affirm.

1

## FACTS AND PROCEDURE

A loss prevention officer at a Costco had been assigned specifically to catch an unidentified male and female who had been stealing razor blade refill boxes from Costco for the previous several months. The amount of the loss was estimated at $10,000. The officer had taken loss prevention reports for the suspects on several occasions, but reported to police only the following three incidents. On December 4, 2013, and January 5 and 6, 2014 the loss prevention officer witnessed defendant and a female suspect enter the store. On each occasion the suspects took multiple packages of razor blade refills, placed them in the female's purse, and left the store without paying. Each time, the two left the store's parking lot before police arrived. After the January 6 incident, a probation officer recognized the two suspects at a nearby intersection and arrested them after finding the razor blades in their possession. The value of merchandise taken in the three incidents was, respectively, $260, $500 and $344.93.

On April 1, 2014, the People charged defendant with a total of six crimes for the three specified incidents—one count of second degree commercial burglary (Pen. Code, § 459)[1] and one count petty theft with three priors (§ 666, subd. (a)) for each of the three incidents. The People also alleged that defendant had a prior strike conviction (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)), and four prior prison term convictions (§ 667.5, subd. (b)).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On August 15, 2014, defendant pled guilty to an added count of receiving stolen property (§ 496) and admitted a prior strike conviction from 1988 for first degree burglary.

On February 6, 2015, the court sentenced defendant as agreed to the middle term of two years, doubled for the prior strike conviction. Costco requested more than $24,000 in restitution for losses sustained between August 16, 2013 and January 7, 2014, but the trial court set the amount at $1,084.

This appeal followed.

## DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

3

                                                    RAMIREZ_____
                                                                    P. J.


We concur:

HOLLENHORST_____
                    J.

CODRINGTON_____
                    J.